IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KATHY STURGILL

     Plaintiff,     Case No. 3:12-cv-112

vs.     Judge Thomas M. Rose

MICHAEL J. ASTRUE,     Magistrate Judge Michael R. Merz
Commissioner of Social Security,

     Defendant.

_____

**ENTRY AND ORDER OVERRULING THE COMMISSIONER'S OBJECTIONS (Doc. #13) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #12) IN ITS ENTIRETY; REVERSING THE COMMISSIONER'S NON-DISABILITY DETERMINATION; REMANDING THIS MATTER TO THE COMMISSIONER FOR FURTHER ADMINISTRATIVE PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) AND TERMINATING THIS CASE**

_____

    Kathy Sturgill ("Sturgill") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she is not disabled and, therefore, not entitled to Social Security disability benefits. On December 20, 2012, United States Magistrate Judge Michael R. Merz entered a Report and Recommendations (doc. #12) recommending that the Commissioner's Decision be reversed and this matter be remanded to the Commissioner. The Commissioner subsequently filed Objections (doc. #13) and the time has run and Sturgill has not responded to the Commissioner's Objections. This matter is, therefore, ripe for decision.

Sturgill sought financial assistance from the Social Security Administration by applying for disability insurance benefits ("SSD") and supplemental security benefits ("SSI") on August 28, 2007. Sturgill claimed that she was disabled since September 24, 2006, due to bipolar disorder, a bulging disc, depression and anxiety.

The Commissioner denied Sturgill's application initially and on reconsideration. Administrative Law Judge ("ALJ") Janice M. Bruning ("Bruning") held a hearing following which she determined that Sturgill was not disabled. The Appeals Council denied Sturgill's request for review and ALJ Bruning's decision became the Commissioner's final decision. Sturgill then appealed to this Court pursuant to 42 U.S.C. § 405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. When making its de novo review, this Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is

more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is not supported by substantial evidence. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #12) and in the Commissioner's Objections (doc. #13), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing reverses the Commissioner's decision that Sturgill was not disabled in accordance with Social Security regulations. Further, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations (doc. #12) are OVERRULED, and this matter is remanded to the Commissioner for further administrative proceedings pursuant to the Fourth Sentence of 42 U.S.C. § 405(g). Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division,

at Dayton.

        **DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Ninth Day of January, 2013.

.                                            **s/Thomas M. Rose**

                                            _____
                                            JUDGE THOMAS M. ROSE
                                            UNITED STATES DISTRICT COURT

Copies furnished to:
        Counsel of Record